UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BEN RAY YODER,**

    Petitioner,

v.    Case No. 8:19-cv-2299-WFJ-JSS

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

Petitioner Ben Ray Yoder, a Florida prisoner, filed a *pro se* amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 13.) Respondent opposes the petition as time-barred. (Doc. 15.) Having considered the petition, the response, and Mr. Yoder's reply (Doc. 16), the Court dismisses the petition as time-barred.

**Procedural Background**

Mr. Yoder pleaded guilty to one count of shooting at or throwing a deadly missile at, within or into a building or vehicle and one count of tampering with a witness. (Doc. 8-2, Exs. 2, 3, 6.) The state trial court sentenced him to concurrent terms of eight years in prison. (Doc. 8-2, Ex. 7.) Mr. Yoder did not file a direct appeal.

Mr. Yoder filed a motion to mitigate sentence under Florida Rule of Criminal Procedure 3.800(c). (Doc. 8-2, Ex. 8.) The state court denied his motion. (Doc. 8-2, Ex. 9.) Mr. Yoder next filed a motion to correct illegal sentence under Florida Rule of

1

Criminal Procedure 3.800(a). (Doc. 8-2, Ex. 10.) The state court dismissed his motion. (Doc. 8-2, Ex. 11.) The state appellate court *per curiam* affirmed the dismissal. (Doc. 8-2, Ex. 21.) Mr. Yoder also sought postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 8-2, Ex. 12.) The state court denied Mr. Yoder's postconviction motion, and the state appellate court *per curiam* affirmed. (Doc. 8-2, Exs. 15, Ex. 26.)

## Untimeliness Of Mr. Yoder's Federal Habeas Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *See Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). The AEDPA establishes a one-year statute of limitations for filing a § 2254 habeas petition. The limitations period typically runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2).

Mr. Yoder's sentences were entered on September 12, 2016. (Doc. 8-2, Ex. 7.) Because Mr. Yoder did not file a direct appeal, his judgment became final 30 days later, on October 12, 2016. *See Booth v. State*, 14 So.3d 291, 292 (Fla. 1st DCA 2009) ("Appellant did not appeal his judgment and sentence. Thus, his judgment and sentence became final 30 days later when the time for filing an appeal passed."). Mr. Yoder's AEDPA limitations period began running the next day, October 13, 2016.

On October 31, 2016, after 18 days of untolled time elapsed, Mr. Yoder filed his motion to modify sentence under Rule 3.800(c). (Doc. 8-2, Ex. 8.) Mr. Yoder's AEDPA limitations period was tolled until the order denying the motion was rendered on June 13, 2017. (Doc. 8-2, Ex. 9.) Mr. Yoder's limitations period began running again on June 14, 2017.[1] It ran for 342 days until Mr. Yoder filed his Rule 3.800(a) motion to correct illegal sentence on May 22, 2018. (Doc. 8-2, Ex. 10.) That motion remained pending until issuance of the state appellate court's mandate on July 15, 2019. (Doc. 8-2, Ex. 27.) Before that date, Mr. Yoder filed his Rule 3.850 motion on July 3, 2018. (Doc. 8-2, Ex. 12.) The Rule 3.850 motion remained pending until the state appellate court issued its mandate on August 13, 2019. (Doc. 8-2, Ex. 22.) Therefore, Mr. Yoder's AEDPA limitations period began to run again on August 14, 2019. At that time, Mr. Yoder had five days remaining on his limitations period. But another 29 days passed before Mr. Yoder filed his original § 2254 petition on September 12, 2019.[2]

---

[1] An order denying a Rule 3.800(c) motion "is not appealable." *Howard v. State*, 914 So.2d 455, 456 (Fla. 4th DCA 2005). Thus, Mr. Yoder is not entitled to statutory tolling beyond the date the state court denied his motion. *Cf. Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that statutory tolling applies during the time to appeal the denial of a motion for postconviction relief that is subject to appeal because such time is part of the collateral review process).

[2] Mr. Yoder's amended petition, which supersedes the original petition, raises the same claims as his original petition. Thus, the amended petition, filed on February 19, 2020, relates back to the filing date of the original petition. *See* Fed. R. Civ. P. 15(c)(1)(B); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

Accordingly, Mr. Yoder's petition is untimely under § 2244(d)(1)(A). Mr. Yoder concedes that his petition is untimely, but argues that the Court may review his petition on the bases that he is entitled to equitable tolling, or that he has shown his actual innocence.

### Equitable Tolling

Mr. Yoder asserts entitlement to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id*. at 1267.

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). The applicability of equitable tolling depends

4

on a case's facts and circumstances. *See Holland*, 560 U.S. at 649-50 (stating that equitable tolling decisions are made on a case-by-case basis); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (stating that for purposes of equitable tolling, "[e]ach case turns on its own facts").

Mr. Yoder asserts that he is entitled to equitable tolling because of delays in obtaining a portion of the state court record needed to develop his claims. He states that his sentencing hearing was not initially transcribed and he did not obtain a transcript until May 8, 2018 (when about one and a half months remained on his AEDPA limitations period) upon requesting the transcript with assistance from his wife. (Doc. 13, pp. 14-15.) Mr. Yoder also states that although he possessed a compact disc recording of the sentencing hearing from December 2017 to January 2018, the prison lacked equipment for him to play the disc. (*Id.*) Mr. Yoder asserts if he had been able to play the disc at the prison or see the transcript earlier, he would have filed a state court tolling application sooner, "which in turn would have resulted in the timely filing of the federal petition." (*Id.*, p. 17.)

Initially, a petitioner's separation from his legal papers generally is not an extraordinary circumstance. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (stating that precedent "suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate" and rejecting the petitioner's claim that separation from his legal papers upon transfer to another prison was an extraordinary circumstance (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000)).

Accordingly, courts have found that the lack of a state court record while preparing pleadings is not an extraordinary circumstance warranting equitable tolling. *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-52 (6th Cir. 2011) (holding that the lack of access to the trial transcript was not an extraordinary circumstance permitting equitable tolling); *Lloyd v. VanNatta*, 296 F.3d 630, 633-34 (7th Cir. 2002) (holding that the state's alleged refusal to provide a petitioner with a complete trial transcript did not justify equitable tolling); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (holding that a trial court's delay in furnishing a petitioner with a transcript did not establish a basis for equitable tolling).

Indeed, in Florida, "[a]vailability of a transcript is . . . not necessary for the preparation of a legally sufficient motion for postconviction relief." *Carr v. State*, 495 So.2d 282, 282 (Fla. 2d DCA 1986). Rather, the prisoner "must simply do the best he can from his recollection of the trial." *Dorch v. State*, 483 So.2d 851, 852 (Fla. 1st DCA 1986). Mr. Yoder has not established that his delayed access to the sentencing hearing transcript is an extraordinary circumstance for equitable tolling purposes.

Mr. Yoder also contends that the law library was deficient because it lacked equipment for him to play an audio disc of the change of plea hearing. However, deficiencies in or limited access to a prison law library is not an extraordinary circumstance. *See Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001) (stating that claims about an allegedly deficient prison law library were insufficient to establish an "extraordinary circumstance" warranting equitable tolling); *Miller v. Florida*, 307 F. App'x 366, 367-68 (11th Cir. 2009) (concluding that limited access to a

6

law library was not an extraordinary circumstance). Mr. Yoder has not established extraordinary circumstances that prevented the timely filing of his § 2254 petition. Because he has not made this showing, the remedy of equitable tolling is unavailable to him. *See Holland*, 560 U.S. at 649.

## Actual Innocence

A petitioner's showing of his actual innocence may serve as a gateway to allow review of his untimely § 2254 petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id*. at 394-95 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Mr. Yoder contends that his trial counsel's failure to file a notice of appeal prevented him from discovering facts relevant to his innocence during appellate proceedings. (Doc. 13, p. 19.) But Mr. Yoder has not come forward with any new evidence of his actual innocence. Mr. Yoder appears to argue that alleged errors at the change of plea hearing, which he believes would have been developed on appeal with the benefit of a transcript, show that his plea was not knowing and voluntary. (*Id*.) But any such alleged error does not establish that Mr. Yoder is actually innocent of the crimes of conviction. Mr. Yoder has not presented this Court with new evidence in light of which it is more likely than not that no reasonable juror would have convicted

7

him. *See Perkins*, 569 U.S. at 394-95. Accordingly, Mr. Yoder does not show that the actual innocence exception applies to allow review of his untimely § 2254 petition.

Accordingly, the Court **ORDERS** that Mr. Yoder's amended petition (Doc. 13) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to enter judgment against Mr. Yoder and to **CLOSE** this case.

The Court further **ORDERS** that Mr. Yoder is not entitled to a certificate of appealability ("COA"). A prisoner has no absolute right to appeal a district court's dismissal of his § 2254 petition. 28 U.S.C. § 2253(c)(1). A court must first issue a COA. *Id*. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a COA, Mr. Yoder must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Id.*; *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because the motion is clearly time-barred, Mr. Yoder cannot meet the second prong of the *Slack* test. As Mr. Yoder is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on May 23, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE